UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RAYMONDO LEWIS,

    Plaintiff,

v.                                                 Case No. 2:16-cv-57
                                                HON.  PAUL L. MALONEY

UNKNOWN AARON,  et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by state prisoner Raymondo Lewis pursuant to 42 U.S.C. § 1983 against Defendants David Aaron and Joseph Naeyaert.  Defendants filed a motion for summary judgment (ECF No. 18) on the ground that Plaintiff failed to exhaust his available administrative remedies.  Plaintiff filed a response (ECF No. 23).  According to Plaintiff, on June 24, 2015, he was placed in administrative segregation at the Kinross Correctional Facility for fighting and disobeying a direct order. Plaintiff's personal property was packed and itemized. Plaintiff claims this lawsuit involves a claim of denial of property as retaliation for making complaints.

        On July 13, 2015, Plaintiff was transferred to the Alger Correctional Facility and placed in administrative segregation.  Plaintiff was not given his shower shoes, toothpaste, and lotion.  Plaintiff was provided with two single use packets of toothpaste and told by Defendant Aaron that additional items would need Defendant Naeyaert's approval.  Plaintiff spoke with Defendant Naeyaert on July 14, 2015, telling him about Defendant Aaron's refusal to provide hygiene property.  Defendant Naeyaert provided Plaintiff with his shower shoes and lotion.

Plaintiff alleges that he was warned by other prisoners that making complaints will result in retaliatory conduct. Defendant Aaron never provided Plaintiff with approved hygiene items and shower shoes. This caused Plaintiff to get a rash. Plaintiff filed a grievance against Defendant Aaron on July 17, 2015. On August 15, 2015, Plaintiff was released from Administrative Segregation. Plaintiff asserts that prison officials confiscated his property and filled out a new property receipt in retaliation for Plaintiff making complaints.

Plaintiff asserts that his television, beard trimmers, headphones, boots, glasses, and trial transcripts were missing. Plaintiff believes that his property was removed on July 14, 2015, the date he complained to Defendant Naeyaert about Defendant Aaron not providing Plaintiff with additional hygiene items. On September 22, 2015, Plaintiff filed a Step I grievance complaining about the confiscation of his personal items and trial transcripts. After Plaintiff filed this grievance, P.C. Denman discovered Plaintiff's property except for his trial transcripts. It would cost Plaintiff $1,306.00 to replace the copy of the trial transcripts wrongfully confiscated by Defendants.

Plaintiff alleges that Defendants conspired to deny him access to the courts, retaliated against him, and were grossly negligent. Plaintiff requests $10,000 in compensatory damages, $100,000 in punitive damages, and costs and fees.

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436

(6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-216 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party

3

with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19. In rare circumstances, the grievance process will be considered unavailable where officers are unable or consistently unwilling to provide relief, where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it, or "where prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S.Ct. 1850, 1859-1860 (2016).

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ P. If

4

oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶ P. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original).[1] The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ X.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶¶ T, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ GG. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III. *Id.* at ¶ FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF. The Grievance and Appeals Section is the respondent for Step III grievances on behalf

---

[1] In *Holoway v. McClaren*, No. 15-2184 (6th Cir., April 7, 2016) (unpublished), the Sixth Circuit concluded that where a plaintiff fails to name each defendant in his grievance, the un-named defendants may not be dismissed for failure to exhaust grievance remedies if the MDOC did not reject the grievance under the policy requiring a grievant to name each individual involved. The Sixth Circuit stated: "Because MDOC officials addressed the merits of Holloway's grievance at each step and did not enforce any procedural requirements, Holloway's failure to identify the defendants named in this lawsuit and to specify any wrongdoing by them in his grievances cannot provide the basis for dismissal of his complaint for lack of exhaustion." *Id*. at 3. The Sixth Circuit failed to provide any guidance as to how the MDOC might determine who the plaintiff intended to name in a future federal lawsuit at the time the plaintiff filed his Step I grievance.

5

of the MDOC director. *Id.* at ¶ GG. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ X. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id* at ¶ HH.

Plaintiff filed two grievances through Step III of the grievance process that relate to the issues asserted in this complaint. In LMF15-09-2232-19d, Plaintiff claimed at Step I that his trial transcripts and glasses were confiscated and not returned to him. ECF No. 19-3, PageID.93. Plaintiff did not name any of the Defendants in this grievance and did not make any allegations of retaliatory conduct involving the confiscation. However, in LMF 15-07-1652-17i Plaintiff submitted a Step I grievance regarding the denial of hygiene items. In that grievance he named Defendant Aaron and the "ARUS." Plaintiff grieved that he spoke with the ARUS [Defendant Naeyaert] who informed him that he would receive his hygiene items from Defendant Aaron. Plaintiff asserted that when he was given his property in segregation he was not given his "personal shower shoes or any at all. I was given a 2 single packs of tooth paste. And told the ARUS will have to approve any more." Plaintiff stated that he spoke with every officer that worked in segregation, but each officer told him that he would receive his property at a later time. Plaintiff indicated in his grievance that he feared retaliation because other inmates told him that it was common practice. ECF No. 19-3, PageID.119.

It appears that the only claim exhausted by Plaintiff is that he was denied his shower shoes and was only given two single packs of toothpaste. Defendant Aaron concedes that Plaintiff exhausted those claims against him. Defendant Naeyaert argues that he was not named in the grievance. However, Plaintiff did name the ARUS who he had spoken with and that individual was Defendant Naeyaert. In the opinion of the undersigned, to the extent that Plaintiff may be

alleging that Defendant Naeyaert violated his rights when Plaintiff spoke with him regarding his personal hygiene items, Plaintiff has exhausted those claims against Defendant Naeyaert.

For the foregoing reasons, I recommend that Defendants' motion for summary judgment (ECF No. 18) be GRANTED in part, dismissing all claims asserted by Plaintiff without prejudice except for the allegations that Plaintiff was denied his shower shoes and toothpaste that were presented in grievance LMF 15-07-1652-17i against Defendants Aaron and Naeyaert.


Dated:   September 23, 2016                        /s/ Timothy P. Greeley
                                                   TIMOTHY P. GREELEY
                                                   UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).