UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


ROMANDO LEWIS,

    Plaintiff,

v.                                                        Case No. 2:16-cv-57
                                                      HON. PAUL L. MALONEY

DAVID AARON, and
JOSEPH NAEYAERT,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Romando Lewis filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging that Defendants took retaliatory actions against him. Plaintiff alleges that the remaining Defendants David Aaron and Joseph Naeyaert denied him shower shoes, toothpaste, and lotion while he was confined in administrative segregation between July 13, 2015, and July 28, 2015. Plaintiff was transferred to the Alger Correctional Facility (LMF) on July 13, 2015. Plaintiff was placed in segregation and provided two packs of segregation toothpaste, a toothbrush, and two bars of soap. Plaintiff complained that he needed his shower shoes and lotion, but that he did not receive those items while in segregation. Plaintiff asserts that he did not receive additional toothpaste and bars of soap while in segregation. As a result, Plaintiff states that he got a rash on his head. Plaintiff filed a grievance on July 17, 2015. After Plaintiff filed a grievance, he received shower shoes and lotion. Plaintiff asserts that Defendants Aaron and Naeyaert denied him these items in retaliation for Plaintiff's complaints. Defendants filed a motion for summary

judgment arguing that Plaintiff cannot support his retaliation claim and alternatively that they are entitled to summary judgment (ECF No. 46). Plaintiff has not file a response.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).

In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Defendants argue that Plaintiff has failed to show that he engaged in protected conduct by submitting a grievance against Defendants before he was allegedly denied hygiene items. Plaintiff was confined in administrative segregation. In accordance with Policy Directive 04.05.120, Plaintiff needed approval to possess certain items such as shower shoes or lotion while confined in administrative segregation. Plaintiff alleges that he was denied these items as soon as he arrived at Alger Correctional Facility (LMF). The denial of these items was clearly pursuant to policy and not due to any grievance that Plaintiff had filed. At the time of this denial, Plaintiff had not yet filed a grievance at (LMF) or against the Defendants. Plaintiff asserts that his protected conduct was his subsequent complaints about the denial of these items. Plaintiff's complaint followed his lack of receipt of the items. Clearly, Plaintiff's subsequent complaints could not be the reason that he was initially denied the items. In fact, once Plaintiff filed a grievance, he received shower shoes and lotion. In the opinion of the undersigned, Plaintiff has failed to show that he engaged in prior protected conduct that could have been the basis for the denial of hygiene items.

Defendants alternatively move for qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

In making a qualified immunity determination the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 816. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Id*. As previously discussed, because Plaintiff cannot establish that his constitutional rights were violated, Defendants are entitled to qualified immunity. In the opinion of the undersigned, Plaintiff has failed to show that he engaged in protected conduct that caused an adverse action to be taken against him.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendants' motion for summary judgment. Accordingly, it is recommended that Defendants' Motion for Summary Judgment (ECF No. 45) be granted and that this case be dismissed in its entirety.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $505 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: May 16, 2017        */s/ Timothy P. Greeley*
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE